UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROBERT TRANCHANT** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-12005** |
| **LIBERTY COUNTY MUTUAL INSURANCE COMPANY, et al.** | **SECTION: "G"(1)** |

## ORDER

In this litigation, Plaintiff Robert Tranchant ("Plaintiff") brings negligence claims against Defendants Pamela Aultman ("Aultman"), Liberty County Mutual Insurance Company ("Liberty"), and Steadfast Insurance Company ("Steadfast") for injuries he allegedly sustained in an automobile accident.[1] Pending before the Court is Plaintiff's "Motion to Remand" this case to the 24th Judicial District Court for the Parish of Jefferson.[2] In the instant motion, Plaintiff argues that this case should be remanded because Steadfast did not timely remove the case under 28 U.S.C. § 1446(b).[3] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court grants Plaintiff's Motion to Remand.

## I. Background

On November 26, 2018, Plaintiff filed a petition for damages against Defendants in the 24th Judicial District Court for the Parish of Jefferson, seeking recovery for injuries and property

---

[1] Rec. Doc. 1-1 at 1–2.

[2] Rec. Doc. 4.

[3] Rec. Doc. 4-1 at 3.

1

damages Plaintiff allegedly sustained in an automobile accident.[4] According to the Petition, on September 30, 2018, Plaintiff's vehicle collided with Aultman's vehicle near the intersection of S. Rampart Street and Julia Street in New Orleans, Louisiana after Aultman ran a red light.[5] Plaintiff brings a negligence claim against Aultman.[6] Plaintiff also brings claims against Liberty, Aultman's automobile insurance provider, and Steadfast, Plaintiff's automobile insurance provider.[7]

On August 2, 2019, Steadfast removed the case to this Court, asserting diversity jurisdiction under 28 U.S.C. § 1332.[8] Steadfast argues that the "Notice of Removal [was] filed within 30 days of the receipt by or service upon the defendant of a copy of any 'other paper' from which it was possible to ascertain" that the case was removable.[9] On August 7, 2019, Plaintiff filed the instant Motion to Remand, arguing that Steadfast's removal was not timely under 28 U.S.C. § 1446(b).[10] On August 20, 2019, Steadfast filed an opposition to the instant motion.[11]

## II. Parties' Arguments

### A. *Plaintiff's Arguments in Support of the Motion to Remand*

In the motion, Plaintiff argues that the Notice of Removal was not filed within the 30-day

---

[4] Rec. Doc. 1-1 at 1–2.

[5] *Id.* at 1.

[6] *Id.* at 1–2.

[7] *Id.*

[8] Rec. Doc. 1 at 1.

[9] *Id.* at 5.

[10] Rec. Doc. 4 at 1.

[11] Rec. Doc. 11.

2

removal period under 28 U.S.C. § 1446(b).[12] Plaintiff contends that the 30-day removal period commenced when Steadfast received notice that the amount in controversy exceeded $75,000. Plaintiff points to three dates—March 8, 2019, May 14, 2019, and July 2, 2019—on which he allegedly notified Steadfast that this amount in controversy exceeded $75,000.[13]

First, Plaintiff argues that Steadfast received notice that this case was removable on March 8, 2019 and May 14, 2019.[14] Plaintiff contends that he sent a letter to Steadfast's claim administrator on March 8, 2019, "indicating that plaintiff continued under active medical care and incurred medical bills in excess of $21,000."[15] Plaintiff also contends that he forwarded a copy of that letter to Steadfast's prior counsel on May 14, 2019.[16] Plaintiff argues that the letter—sent to Steadfast's claim administrator on March 8, 2019 and forwarded to Steadfast's prior counsel on May 14, 2019—notified Steadfast that this amount in controversy exceeded $75,000 and therefore was removable under the diversity statute.[17] Therefore, because Steadfast removed this case to this Court on August 2, 2019—more than 30 days after March 8, 2019 and May 14, 2019—Plaintiff concludes that the removal was not timely.[18]

Second, Plaintiff argues that even assuming that the March 8, 2019 and May 14, 2019 correspondence with Steadfast did not trigger the 30-day removal clock, Plaintiff's request for

---

[12] Rec. Doc. 4.

[13] Rec. Doc. 4-1.

[14] *Id.* at 1–2.

[15] *Id.*

[16] *Id.* at 2.

[17] *Id.* at 3.

[18] *Id.*

$400,000 in a demand letter dated July 2, 2019 certainly notified Steadfast this case was removable under the diversity statute.[19] Therefore, because Steadfast removed the case to this Court on August 2, 2019—31 days after receiving the demand letter dated July 2, 2019—Plaintiff concludes that Steadfast's removal of the case was not timely, and the case should be remanded to state court.[20]

### B. Steadfast's Arguments in Opposition to the Motion to Remand

In opposition, Steadfast argues that the Notice of Removal was filed within the 30-day removal period under 28 U.S.C. § 1446(b).[21] Steadfast argues that the 30-day removal period did not commence on March 8, 2019, May 14, 2019, or July 2, 2019, as argued by Plaintiff.[22] Instead, Steadfast asserts that it first received notice that the amount in controversy exceeded $75,000 in damages and thus became removable under the diversity statute on July 3, 2019.[23]

Steadfast first notes that the correspondence—sent to Steadfast's claim administrator on March 8, 2019 and forwarded to Steadfast's prior counsel on May 14, 2019—"referenced [Plaintiff's] claimed medical expenses of $21,183.00."[24] Steadfast contends that correspondence did not "support an amount in dispute of $75,000."[25] Therefore, Steadfast concludes that the correspondence did not trigger the "30-day time period within which Steadfast could remove the

---

[19] *Id.* at 2–3.

[20] *Id.* at 2.

[21] Rec. Doc. 11 at 2.

[22] *Id.* at 2–3.

[23] *Id.* at 3.

[24] *Id.*

[25] *Id.*

4

case under 28 U.S.C § 1446(b)(3)."[26]

Second, Steadfast concedes that it received Plaintiff's demand of $400,000 via fax on July 2, 2019.[27] However, Steadfast argues that the demand did not provide notice that the case was removable because the demand "provided no support" to corroborate damages exceeding $75,000.[28] Although Plaintiff "referenced medical records" throughout the demand, Steadfast allegedly did not receive those medical records until July 3, 2019.[29] Steadfast contends that because it did not receive "summary judgment type evidence" supporting $75,000 in damages until July 3, 2019, the 30-day removal period did not begin until July 3, 2019.[30] Therefore, because only 30 days passed from July 3, 2019 to August 2, 2019—the Notice of Removal's filing date—Steadfast argues that it removed the case within the 30-day removal deadline under 28 U.S.C. § 1446(b).[31] Accordingly, Steadfast asserts that the motion to remand should be denied.[32]

### III. Legal Standard

"Federal courts are courts of limited jurisdiction. They possess only the power authorized by Constitution and statute, which is not to be expanded by judicial decree."[33] The removal statute, 28 U.S.C. § 1446, must be strictly construed. "[A]ny doubt about the propriety of removal must

---

[26] *Id.*

[27] *Id.* at 2–3.

[28] *Id.* at 3.

[29] *Id.*

[30] *Id.* at 4.

[31] *Id.*

[32] *Id.*

[33] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted).

5

be resolved in favor of remand."[34] Furthermore, in a motion to remand, "the party seeking to remove bears the burden of showing that federal jurisdiction exists and that removal was proper."[35] Pursuant to the removal statute, a defendant may remove a state civil court action to federal court if the federal court has original jurisdiction over the action.[36] A federal court has subject matter jurisdiction over an action when the amount in controversy "exceeds the sum or value of $75,000" and the action "is between citizens of different states."[37]

Generally, a notice of removal must be filed within 30 days of the defendant receiving a copy of the initial pleading.[38] Yet, if the case is not originally removable, but it later becomes removable, a party may file a notice of removal within 30 days after the defendant receives "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained" that the case is removable.[39] The information supporting removal must be "unequivocally clear and certain" to trigger the 30-day removal clock.[40]

The removal statute does not specify a method to calculate its 30-day time limit.[41] When a federal civil statute does not specify a time computing method, Federal Rule of Civil Procedure 6

---

[34] *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (internal citations omitted); *see also Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[35] *Mumfrey v. CVS Pharm., Inc.*, 719 F.3d 392, 397 (5th Cir. 2013).

[36] 28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002).

[37] 28 U.S.C. § 1332(a)(1).

[38] 28 U.S.C. § 1446(b)(1).

[39] *Id.* § 1446(b)(3).

[40] *Morgan v. Huntington Ingalls, Inc.*, 879 F.3d 602, 608–09 (5th Cir. 2018) (internal citations omitted).

[41] *See* 28 U.S.C. §§ 1441, 1446.

provides a method to compute the applicable time period.[42] To compute time under Rule 6, a court does not count "the day of the event that triggers the period."[43] Instead, the court counts every day after the period's trigger date, "including intermediate Saturdays, Sundays, legal holidays" as part of the time period.[44] Finally, the court counts the "last day of the period."[45]

### IV. Analysis

Plaintiff argues that this case should be remanded because Steadfast did not remove the case within the 30-day removal period under 28 U.S.C. § 1446(b).[46] Plaintiff does not argue that the original complaint sufficiently notified Steadfast that this case exceeded $75,000 and could be removed to federal court.[47] Instead, Plaintiff points to three dates on which he notified Steadfast that this case was removable: March 8, 2019, May 14, 2019, and July 2, 2019.[48] In opposition, Steadfast argues that the trigger date was July 3, 2019—the date Steadfast received medical records corroborating Plaintiff's $400,000 demand letter on July 2, 2019.[49] To decide whether the Notice of Removal was timely filed under 28 U.S.C. § 1446, the Court must first determine which date the 30-day removal period commenced.

---

[42] Fed. R. Civ. P. 6(a).

[43] *Id.*

[44] *Id.*

[45] *Id.*

[46] Rec. Doc. 4-1 at 3.

[47] *Id.*

[48] *Id.* at 1–2.

[49] Rec. Doc. 11 at 3–5.

7

### A.  *Whether the 30-day Removal Period began on March 8, 2019 or May 14, 2019*

Plaintiff argues Steadfast received notice that this case was removable on March 8, 2019 and/or May 14, 2019 because Steadfast received a letter stating that Plaintiff's damages exceeded $21,000 and were ongoing.[50] To trigger § 1446(b)'s 30-day removal clock, the "information supporting removal in a copy of an amended pleading, motion, order or other paper" must be "unequivocally clear and certain."[51]

Here, Plaintiff's letter—sent to Steadfast's claim administrator on March 8, 2019 and forwarded to Steadfast's prior counsel on May 14, 2019—stated that Plaintiff's "[t]otal medical expenses to date [are] $21,183.00[,] INCOMPLETE AND ONGOING."[52] That letter provided Steadfast with notice that Plaintiff's damages were approximately $54,000 less than the diversity statute's $75,000 threshold. That correspondence did not unequivocally provide a clear and certain notice that Plaintiff's damages exceeded $75,000. Accordingly, the 30-day removal clock under 28 U.S.C. § 1446(b) did not commence on March 8, 2019 or May 14, 2019.

### B.  *Whether the 30-day removal period began on July 2, 2019 or July 3, 2019*

Plaintiff argues that his $400,000 demand on July 2, 2019 notified Steadfast that the case was removable under the diversity statute.[53] In opposition, Steadfast argues that the $400,000 demand did not provide notice that the case was removable because Plaintiff provided no support

---

[50] Rec. Doc. 4-1 at 1–2.

[51] *Morgan*, 879 F.3d at 609.

[52] Rec. Doc. 4-3 at 2.

[53] Rec. Doc. 4-1 at 3.

8

to corroborate his alleged injuries in the demand.[54] Instead, Steadfast argues that the 30-day removal clock commenced on July 3, 2019—when Plaintiff provided medical records corroborating the alleged injuries in the demand dated July 2, 2019.[55]

In *Addo v. Globe Life and Acc. Ins. Co*, the Fifth Circuit considered whether "a post-complaint letter concerning settlement terms may constitute 'other paper'" and thus trigger the 30-day removal period under 28 U.S.C. § 1446(b).[56] In that case, the plaintiff served a letter to the defendant "offering to settle the suit for an amount in excess of $75,000."[57] The Fifth Circuit held that the plaintiff's "post-complaint letter" sufficed as "other paper," as long as the demand letter was "not plainly a sham."[58] There, the defendant did not argue that the demand letter was a sham.[59] Accordingly, the Fifth Circuit determined that the 30-day removal period began when the defendant received plaintiff's post-complaint letter.[60]

Under *Addo*, Plaintiff's July 2, 2019 demand letter offering to settle the case for $400,000 constitutes "other paper." Steadfast admits that it received the demand letter via fax on July 2, 2019, and Steadfast does not argue that the demand letter was a "sham." Accordingly, Plaintiff's demand letter, which Steadfast admits it received on July 2, 2019, notified Steadfast that the case

---

[54] Rec. Doc. 11 at 3.

[55] *Id.* at 3–5.

[56] 230 F.3d 759 (5th Cir. 2000).

[57] *Id.* at 760

[58] *Id.* at 762.

[59] *Id.* at 762, n.2.

[60] *Id.* at 762.

9

was removable under the diversity statute. Steadfast did not remove this case to federal court until August 2, 2019.

Under Federal Rule of Civil Procedure 6, 31 days passed from the July 2, 2019 notice to the August 2, 2019 removal date. The removal statute requires defendants to remove a case in state court within 30 days of receiving notice that the case is removable. Because Steadfast removed this case 31 days after receiving notice, Steadfast's Notice of Removal was not timely under 28 U.S.C. § 1446(b).

### V. Conclusion

Accordingly, the Court remands the case to the 24th Judicial District Court for the Parish of Jefferson because Steadfast's removal of the case was not timely.

**IT IS HEREBY ORDERED** that Plaintiff's "Motion to Remand"[61] is **GRANTED**.

**NEW ORLEANS, LOUISIANA** this 17th day of September, 2019.

*Nannette Jolivette Brown*
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[61] Rec. Doc. 4.